# In the United States Court of Federal Claims

No. 18-1392C
(Filed: February 25, 2019)

```
*************************************
                                    *
JAMES P. ARLOTTA,                   *
                                    *
              Plaintiff,            *
                                    *
       v.                           *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
*************************************
```

## ORDER AND OPINION

On September 7, 2018, Plaintiff, proceeding *pro se*, filed a complaint in this Court. Plaintiff also submitted an Application to Proceed *In Forma Pauperis*. After review, it appears that Plaintiff is indigent, and the Court therefore **GRANTS** this Application. In his complaint, Plaintiff alleges that the Navy violated his right to due process when they pressured and coerced him into a psychiatric hospital, resulting in his discharge from service in April 1998. Accordingly, he seeks back pay and other "lost benefits".

On December 6, 2018, the Government filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") or, alternatively, for failure to state a claim under RCFC 12(b)(6). On December 26, 2018, Plaintiff responded and on February 11, 2019, the Government replied. This matter is now fully briefed and ripe for decision.

For the reasons set forth below, the Court hereby **GRANTS** the Government's motion to dismiss under RCFC 12(b)(1) for lack of subject matter jurisdiction. In light of this, the Government's alternative theory of dismissal pursuant to RCFC 12(b)(6) is moot.

### I. FACTS

On April 8, 1998, Plaintiff enlisted in the United States Navy (the Navy) as a Seamen Recruit (E-2). Compl. at 2; Def.'s Mot., App. A1–2.[1] Shortly thereafter, Plaintiff was subject to

---

[1] "A" refers to the Appendix included with the Government's motion to dismiss. The Government advises that the documents included in this appendix "will appear in the administrative record, should such a record be necessary." Def.'s Mot. at 3, n.2–3.

two non-judicial punishments. Compl. at 2–3. On April 20, 1998, Plaintiff was voluntarily admitted to the Great Lakes Naval Station Hospital for a mental health evaluation. A5. After Plaintiff was evaluated, the attending physician concluded that "[Plaintiff] suffers from a severe disorder character and behavior [sic] which existed prior to enlistment . . . ." A8.

On April 23, 1998, the Navy notified Plaintiff that he was "being considered for administrative separation from the naval service by reason of defective enlistment and induction due to erroneous enlistment as evidenced by psychotic/personality disorder." A3. Plaintiff acknowledged receipt of the notification and indicated that he did not desire to consult with counsel. A3–4. Plaintiff also elected to receive copies of the documents that supported the basis for his separation, but waived the other rights listed in the notification letter. A4. On April 26, 1998, Plaintiff was separated from the Navy after a total of 15 days of service. A2. On September 7, 2018, Plaintiff filed the present action. Compl. at 1.

## II.   DISCUSSION

A *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). However, the Court cannot extend this leniency to relieve plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

To fall within this Court has jurisdiction, claims against the United States must be filed within six years after such claim accrues. 28 U.S.C. § 2501; *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–135 (2008) (holding that § 2501's limitations period prescribes a jurisdictional limit to the Court of Federal Claim's ability to adjudicate claims against the United States, cannot be waived, and may not be equitably tolled). Under § 2501, a claim first accrues "when all the events have occurred that fix the alleged liability of the government and entitle the claimant to institute an action." *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988).

In his complaint, Plaintiff alleges that his rights were violated by the imposition of the non-judicial punishments and his subsequent separation from the Navy on April 26, 1998. *See* Compl. at 2–3. Taking April 26, 1998 as the latest date upon which Plaintiff's claims accrued, Plaintiff had until April 26, 2004 to file suit. Plaintiff did not file the present action until September 7, 2018. Therefore, Plaintiff's claims are untimely and barred by the running of the statute of limitations. *See* 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues"). Accordingly, the Court lacks subject matter jurisdiction to hear Plaintiff's claim. In light of this holding, the Government's alternative theory for dismissal pursuant to RCFC 12(b)(6) is moot.

### III. CONCLUSION

Because Plaintiff filed suit after the limitations period expired, the Court hereby **GRANTS** the Government's motion to dismiss for lack of subject matter jurisdiction. Consequently, the Government's alternative theory for dismissal pursuant to RCFC 12(b)(6) is moot.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

EDWARD J. DAMICH
Senior Judge